**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

———————

No. 21-2840

———————

SANDRA OJO; TEMIDAYO B. OJO,
Appellants

v.

HUDSON COUNTY SAVINGS BANK FSB; MIDLAND FUNDING LLC;
NEW CENTURY FINANCIAL SERVICES; BANK OF AMERICA NA;
COUNTRYWIDE BANK NA; MANUFACTURERS & TRADERS TRUST CO;
BAC HOME LOANS SERVICING LP; FRENKEL LAMBERT & GORDON
& WEISSMAN LLP; FIDELITY NATIONAL LAW GROUP; M&S PROCESS
SERVERS LLC; XYZ 1-10; COUNTRYWIDE HOME LOANS SERVICING LP;
MILSTEAD & ASSOCIATES LLC

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Civil Action No. 2-19-cv-16200)
District Judge: Honorable Julien X. Neals

———————————————————————

Submitted Pursuant to Third Circuit LAR 34.1(a)
July 22, 2022

Before: RESTREPO, PHIPPS and RENDELL, <u>Circuit</u> <u>Judges</u>

(Opinion filed: October 3, 2022)

———————

OPINION[*]

———————

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

PER CURIAM

Sandra and Temidayo Ojo appeal pro se from an order granting the defendants' motion to dismiss Appellants Ojo's third amended complaint. For the following reasons, we will affirm.

I.

In 2015, the New Jersey Superior Court entered a default judgment against Appellants in a mortgage foreclosure action initiated by defendant Hudson County Savings Bank FSB (HCSB). Appellants' home in East Orange, New Jersey, was thereafter sold at Sheriff's Sale. Through counsel, Appellants moved to void the Sherriff's Sale based on lack of notice of the sale and of the underlying foreclosure action. Appellants' efforts were unsuccessful, and they were ultimately ejected from the property.

Shortly thereafter, in 2019, Appellants initiated the instant action to recover money damages from various parties involved in the foreclosure action. In their third amended complaint, the operative complaint here, Appellants asserted the following 17 causes of action: (1) violation of the Real Estate Settlement Procedures Act ("RESPA"); (2) violation of the New Jersey Consumer Fraud Act ("NJCFA"); (3) unjust enrichment; (4) fraud; (5) violation of the Fair Debt Collections Practices Act ("FDCPA"), Section 1692e; (6) violation of FDCPA, Section 1692e(2); (7) violation of FDCPA, Section 1692e(11); (8) violation of the Racketeer Influenced and Corrupt Organizations ("RICO"); (9) New Jersey civil conspiracy; (10) New Jersey abuse of process; (11)

violation of the Fair Credit Reporting Act ("FCRA"); (12) violation of the Truth in Consumer Contract, Warranty and Notice Act ("TCCWNA"); (13) breach of contract; (14) slander of title; (15) violation of the Consumer Protection Act; (16) slander of credit; and (17) infliction of emotional distress.  In addition to money damages, Appellants sought declaratory relief as to defendants' allegedly fraudulent actions.  The District Court granted the defendants' motion to dismiss, agreeing that the action was barred by the Rooker-Feldman doctrine or, to the extent that it was not, by New Jersey's preclusion doctrine.  Appellants filed a timely notice of appeal.[1]

## II.

We have jurisdiction over this appeal pursuant to 28 U.S.C. § 1291.  We exercise de novo review over the District Court's grant of the defendants' motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6).  See Newark Cab Ass'n v. City of Newark, 901 F.3d 146, 151 (3d Cir. 2018); see Turner v. Crawford Square Apartments III, L.P., 449 F.3d 542, 547 (3d Cir. 2006) (exercising de novo review over district court's invocation of the Rooker-Feldman doctrine).  We construe Appellants' pro se filings liberally.  See Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per curiam).

---

[1] Before filing a notice of appeal, Appellants filed a timely motion for reconsideration under Rule 59(e), which tolled the time to appeal and renders the appeal timely as to the underlying dismissal order.  See Fed. R. App. P. 4(a)(4)(A)(iv).  The motion for reconsideration was denied, but Appellants did not file a new notice of appeal or amend the original notice of appeal to include a challenge to that order, so that order is not at issue in this appeal.  See Fed. R. App. P. 4(a)(4)(B); Carrascosa v. McGuire, 520 F.3d 249, 253 (3d Cir. 2008).

III.

We need not assess the District Court's reliance on the <u>Rooker-Feldman</u> doctrine because Appellants' claims are barred by New Jersey's preclusion doctrines insofar as they could have been raised in the foreclosure proceedings. <u>See</u> <u>Rycoline Prods., Inc. v. C & W Unlimited</u>, 109 F.3d 883, 885-87 (3d Cir. 1997) (discussing New Jersey's preclusion doctrines). Pursuant to New Jersey's entire controversy doctrine, claims or defenses that go to "the validity of the mortgage, the amount due, or the right of [the mortgagee] to foreclose" must be raised in the foreclosure proceeding or they are forever barred. <u>Delacruz v. Alfieri</u>, 145 A.3d 695, 708 (N.J. Super. Ct. App. Div. 2015). Here, Appellants' claims are premised on the argument that defendants had no legal right to foreclose on their mortgage, and they dispute either the validity of the underlying loan and contract, the amount actually owed, or the procedures taken in initiating the foreclosure action. Their claims should have been brought during the state foreclosure proceedings and are accordingly barred, notwithstanding that the foreclosure judgment was entered upon Appellants' default. <u>See</u> <u>Mori v. Hartz Mountain Dev. Corp.</u>, 472 A.2d 150, 155 (N.J. Super. Ct. App. Div. 1983).

To the extent that Appellants' claims can be read as not germane to the foreclosure proceeding, and thus are not precluded, they were properly dismissed because

their conclusory allegations have not raised any such "right to relief above the speculative level." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007).[2]

Accordingly, we will affirm the judgment of the District Court.

---

[2] Given the failings of the third amended complaint and the Appellant's repeated attempts to amend, we are satisfied that amendment to the complaint would be futile, and therefore conclude that the District Court did not err in dismissing the complaint without providing leave to amend. See Grayson v. Mayview State Hosp., 293 F.3d 103, 114 (3d Cir. 2002).